UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN DOUGLAS SHELTON, JR.,

Plaintiff,

v.

CAUSE NO. 3:25-CV-35-JTM-JEM

MOISES LOPEZ-JIMENES,

Defendant.

OPINION and ORDER

John Douglas Shelton, Jr., a prisoner without a lawyer, filed a complaint against Sgt. Moises Lopez-Jimenes alleging deliberate indifference to his safety during a medical transport on December 21, 2023. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Shelton is a 74-year-old inmate at Indiana State Prison. His left leg has been amputated and he uses a prostheses. On December 21, 2023, he was transported to a medical appointment with an orthopedic specialist for care related to his prosthesis. Sgt. Moises Lopez-Jimenes was in command of the transport operation. Shelton was in handcuffs, shackles, and full-trip gear throughout the transport.

During the medical exam, Shelton's prosthesis was removed. Once the appointment concluded, Sgt. Lopez-Jimenes asked C.O. Chambers to ensure Shelton was ready for transport. C.O. Chambers asked Sgt. Lopez-Jimenes if Shelton could put his prosthesis back on. Sgt. Lopez-Jimenes refused. C.O. Chambers expressed concern regarding Shelton's safety, but Sgt. Lopez-Jimenes nonetheless required Shelton to hop to the wheelchair he had been using on one leg while handcuffed and shackled in full trip gear. While the distance was short, Shelton fell and banged his amputated knee on the floor.

As he was transitioning from the wheelchair to the transport van, Shelton told Sgt. Lopez-Jimenes that he was having trouble standing due to his painful knee. Sgt. Lopez-Jimenes said, "whatever." C.O. Chambers basically lifted Shelton into the transport van.

Back at ISP, C.O. Chambers again suggested that Shelton should be allowed to use his prosthesis. Sgt. Lopez-Jimenes said, "It's not that far, he'll get there on one foot." *Id.* at 4. When C.O. Chambers again expressed concern, Sgt. Lopez-Jimenes again said "whatever." *Id.* Shelton told Sgt. Lopez-Jimenes of his urgent need to use the restroom. While hopping on one foot, still handcuffed, shackled, and in full trip gear, Shelton stumbled, fell, and urinated on himself. He was required to clean up the urine while still without his prosthesis. He slipped on the urine and fell again on his injured knee. He continues to have pain due to his falls on December 21, 2023, making wearing his prostheses more difficult.

2

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). On the second prong, the plaintiff must allege that "the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a Constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

The facts here do not present a mere slip and fall scenario. *Cf. Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement"); *Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment

conditions of confinement claims."). Here, a 74-year-old man who relies upon a prosthesis was forced to hop on one leg, while handcuffed, shackled, and wearing full trip-gear, resulting in a fall. Even after the first fall, he was still required to hop on one leg, resulting in a second fall. And, when he urinated during the second fall, he was required to clean up the mess without his prosthesis, resulting in a third fall. C.O. Chambers expressed his concerns with not allowing Shelton to put his prostheses back on before the first and second falls, and Sgt. Lopez-Jimenes was allegedly dismissive of these concerns. These allegations are more akin to forcing a hand-cuffed inmate to walk down a set of stairs covered with food, milk, and other garbage. *See Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016) (finding that Anderson stated a claim against a guard who refused his request for assistance and forced Anderson to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back); *see also Balle v. Kennedy*, 73 F.4th 545 (7th Cir. 2023) (acknowledging a claim where inmate was ordered to carry "scalding" water in a bucket over a wet, uneven floor). Thus, Shelton may proceed on an Eighth Amendment claim against Sgt. Moises Lopez-Jimenes.

For these reasons, the court:

(1) GRANTS John Douglas Shelton, Jr., leave to proceed against Sgt. Moises Lopez-Jimenes in his individual capacity for compensatory and punitive damages for deliberate indifference to Shelton's safety on December 21, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Moises Lopez-Jimenes at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Moises Lopez-Jimenes to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 10, 2025

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT